THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2,<br><br>Plaintiff,<br><br>v.<br><br>MARCEL E. SEYSS and AMY J. SEYSS, husband and wife, *et al.*,<br><br>Defendants. | CASE NO. C16-0553-JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment by Plaintiff Bank of New York Mellon (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.      **BACKGROUND**

In October 2006, Defendants Marcel Seyss and Amy Seyss executed an adjustable rate promissory note (the Note) with a principal amount of $232,000.00. (Dkt. No. 14-1 at 2.) The Note was secured by a deed of trust dated October 16, 2006 (the Deed of Trust). (Dkt. No. 14-2 at 2.) The Note initially belonged to MILA, Inc., but was subsequently endorsed to IndyMac

ORDER GRANTING SUMMARY JUDGMENT
PAGE - 1

Bank, FSB, then to Countrywide Bank, N.A., then to Countrywide Home Loan, Inc., who then endorsed the Note in blank. (Dkt. No. 14 at 4.) Plaintiff Bank of New York Mellon (BNY Mellon) is the current holder of the Note and the beneficiary under the Deed of Trust. (Dkt. No. 14 at 4; Dkt. No. 14-3 at 2.)

The Seysses failed to make their loan payment that was due on December 1, 2009, and have not made a payment on the Note since. (Dkt. No. 14 at 4.) The unpaid principal balance on the Note is now $252,243.68. (*Id.*) Interest accrued on the Note through October 14, 2016 totals $67,117.69 and continues to accrue at the rate of $26.41 per day until paid. (*Id.*) There is also $135.60 in unpaid late charges, which will continue to accrue for each payment not made by the 15th day of the month in which payment is due. (*Id.*) In addition, BNY Mellon advanced the following funds to preserve the property: $1,213.63 for property taxes; $1,154.74 for hazard insurance premiums; and inspection fees of $105.00. (*Id.* at 5.) The Note also contains a provision for payment of the prevailing party's reasonable attorney fees and costs if suit shall be brought to collect any portion of the Note. (*Id.*)

On November 30, 2015, BNY Mellon brought suit in Snohomish County Superior Court against the Seysses and a number of other Defendants who may claim an interest in the subject property. (Dkt. No. 1-2 at 2.) BNY Mellon sought a monetary judgment against the Seysses and a judgment foreclosing all Defendants' interest in the real property described in the complaint. (Dkt. No. 1-2 at 8-9.)

The Seysses removed this case to federal court and raised a number of issues that they characterize as counterclaims. (*See generally* Dkt. No. 1.) These include (1) the statute of limitations; (2) publication of a false statement; (3) breach of contract; (4) wrongful foreclosure by a nonholder of the deed of trust and note; and (5) quiet title. (*Id.* at 10-26.)

BNY Mellon now moves for summary judgment in its favor, seeking a monetary judgment against the Seysses in the amount of $330,779.79 and a decree of foreclosure against all Defendants. (Dkt. No. 10.)

## II. DISCUSSION

### A. Summary Judgment Standard

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248-49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Analysis

BNY Mellon asserts that it is entitled to judgment in its favor because, as holder of the Note and the Deed of Trust, it is entitled to foreclose on the property in the event of default. (Dkt. No. 10 at 6.) "Judicial foreclosure requires a petition by the mortgagee and the issuance of a judgment of foreclosure by the court." *Donovick v. Seattle-First Nat. Bank*, 757 P.2d 1378, 1381 (1988) (Dore, J., dissenting). "When default is made in the performance of any condition contained in a mortgage, the mortgagee or his or her assigns may proceed in the superior court of the county where the land, or some part thereof, lies, to foreclose the equity of redemption contained in the mortgage." Wash. Rev. Code § 61.12.040.

The Seysses argue that there is a dispute of material fact as to the ownership of the Note and Deed of Trust. (Dkt. No. 17 at 2.) This assertion is contradicted by the legal authority and

evidence submitted by BNY Mellon. As BNY Mellon observes, the holder of a note is entitled to enforce the note and the deed of trust securing that note. *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 44 (Wash. 2012). Here, BNY Mellon is in physical possession of the original Note which has been endorsed in blank, and the Deed of Trust was assigned to BNY Mellon. The Seysses submit no authority or evidence to the contrary.

The Seysses also argue that BNY Mellon did not produce sufficient evidence to support its motion, instead improperly relying on counsel's statements in its brief. (Dkt. No. 17 at 2.) This is not true. Rather, BNY Mellon relied on declarations from non-attorneys with personal knowledge. (Dkt. No. 14 at 2; Dkt. No. 19 at 2.)

The Seysses further assert that summary judgment cannot be granted against *pro se* litigants. (Dkt. No. 17 at 3.) Not so. While the Court holds *pro se* litigants to less stringent standards than lawyers, a *pro se* party must still present a valid claim or be subject to dismissal. *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

The Seysses also allege that BNY Mellon is a legally nonexistent entity, because foreclosure suits must be brought by a trustee and not a trust itself. (Dkt. No. 17 at 3.) But, BNY Mellon is seeking judgment as the trustee of the underlying trust. (*See* Dkt. No. 19-1 at 2.)

Additionally, the Seysses argue that the Note is a nullity because it is stamped void. (Dkt. No. 17 at 2, 5.) This unsupported allegation is contradicted by the Note submitted by BNY Mellon. (*See* Dkt. No. 14-1.)

Finally, the Seysses allege that foreclosure of their home will cause them great financial and emotional harm. (Dkt. No. 17 at 5.) However, these allegations—while very sad—cannot serve as defenses to foreclosure. The Court is sympathetic to the Seysses's position, but the law is clear and the Court's hands are tied.

As an additional matter, neither party addresses the Seysses's counterclaims raised in their notice of removal. (Dkt. No. 1 at 10-26.) It appears that the counterclaims are, for the most part, affirmative defenses that must have been briefed on summary judgment to be maintained. It

is thus possible that the Seysses do not have any valid remaining counterclaims. To ensure that the Court addresses the claims properly, the parties are ORDERED to submit supplemental memoranda as to whether the Seysses have any remaining counterclaims in light of this order, or whether this case should be closed in its entirety. The supplemental memoranda shall not exceed five pages each and must be submitted within 30 days of this order's issuance.

## III.  CONCLUSION

For the foregoing reasons, BNY Mellon's motion for summary judgment (Dkt. No. 10) is GRANTED. The Court ENTERS judgment in BNY Mellon's favor by the terms of the decree of foreclosure attached to this order. Regarding the Seysses' counterclaims, the parties shall submit their supplemental memoranda within 30 days. At that time, the Court will determine whether this case should be closed in its entirety.

DATED this 15 day of December 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

The Honorable John C. Coughenour

UNITED STATES DISCTIRCT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2,<br><br>               Plaintiff,<br><br>  vs.<br><br>MARCEL E. SEYSS AND AMY J. SEYSS, HUSBAND AND WIFE, AND THEIR MARITAL COMMUNITY; 7826 BEVERLY LANE LAND TRUST; CHRISTEL GERTRUD ROAYL, TRUSTEE; AMERICAN EXPRESS BANK, FSB; CITIBANK (SOUTH DAKOTA), N.A.; FIA CARD SERVICES; JOHN AND JANE DOES, I THROUGH V, OCCUPANTS OF THE SUBJECT REAL PROPERTY,<br><br>               Defendants. | No. 2:16-CV-00553-JCC<br><br>SUMMARY JUDGMENT AND DECREE OF FORECLOSURE |

**REAL PROPERTY INFORMATION REQUIRED BY RCW 4.64.030**

| Legal Description: | THE EAST 172.11 FEET OF LOT 21 AND THE EAST 172.11 FEET OF THE NORTH 17.5 FEET OF LOT 20 OF TOSLANDS HALF |
|---|---|

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 1
CASE NO. 2:16-CV-00553

**WEINSTEIN & RILEY, P.S.**
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

| | |
|---|---|
| | ACRE GARDEN TRACTS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 11 OF PLATS, PAGE(S) 101, RECORDS OF SNOHOMISH COUNTY, WASHINGTON; EXCEPT BARBARA LANE; ALSO EXCEPT THE FOLLOWING DESCRIBED TRACT: BEGINNING AT THE SOUTHWEST CORNER OF THE EAST 172.11 FEET OF THE NORTH 17.5 FEET OF SAID LOT 20; THENCE NORTH ON THE WEST LINE OF THE EAST 172.11 FEET OF SAID LOTS 20 AND 21 TO THE NORTH LINE OF SAID LOT 21; THENCE EAST ALONG SAID NORTH LINE THEREOF A DISTANCE OF 84 FEET; THENCE SOUTHERLY TO INTERSECT THE SOUTH LINE OF THE NORTH 17.5 FEET OF SAID LOT 20 AT A POINT 86 FEET EAST OF THE POINT OF BEGINNING; THENCE WEST 86 FEETE TO THE POINT OF BEGINNING; ALSO EXCEPT THAT PORTION CONVEYED TO THE CITY OF EVERETT BY DEED RECORDED UNDER AUDITOR'S FILE NUMBER 2242551. SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON. |
| Assessor's Tax Parcel No.: | 005987-000-020-02 |

## JUDGMENT SUMMARY

| | |
|---|---|
| Judgment Creditor: | The Bank of New York Mellon, fka The Bank of New York, as trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2 |
| Attorneys for Judgment Creditor: | Weinstein & Riley, P.S. |
| Judgment Debtor: | **Marcel E. Seyss et ux, et al.** |
| Principal Judgment Amount: | $252,243.68 |
| Interest from 11/1/2009 to 10/14/2016: Current rate of 4.375% per annum Per diem rate is $26.41 | $67,117.69 |
| Attorney's Fees: | $4,800.00 |

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 2
CASE NO. 2:16-CV-00553

WEINSTEIN & RILEY, P.S.
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

Costs:                                                                                                    $4,009.45
    Filing Fees: $240.00
    Recording Fee: $76.00
    Process Service: $2,484.32
    Title Report: $1,154.13
    Court Costs: $55.00

Late Charges:                                                                                             $135.60

Escrow Advances:                                                                                          $2,368.37
    Property Taxes: $1,213.63
    Hazard Insurance: $1,154.74

Insurance and Inspection:                                                                                 <u>$105.00</u>

**TOTAL JUDGMENT**                                                                                        $330,779.79

Post judgment interest shall accrue at the rate of 4.375% per annum on the total Judgment.

THIS MATTER came before the Court upon Plaintiff The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2's ("The Bank of New York Mellon") Motion for Summary Judgment against the real property below described on this date before the undersigned Judge/Court Commissioner. The Court having reviewed the Plaintiff's Motion, Affidavit of Jennifer Ogle, and Declaration of Counsel filed in support thereof, and the records and pleadings on file herein, and being fully advised; hereby,

FINDS that the allegations of the Complaint are true; that no genuine issue exists as to any material fact and that Plaintiff is entitled to Judgment as a matter of law; that no just

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 3
CASE NO. 2:16-CV-00553

**WEINSTEIN & RILEY, P.S.**
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

reason exists for delay and that Judgment should be entered in favor of Plaintiff forthwith as more particularly herein set forth. It is therefore,

ORDERED, ADJUDGED AND DECREED as follows:

1. That Plaintiff The Bank of New York Mellon is awarded Judgment against the real property described below in the principal sum of $252,243.68 together with accrued interest of $67,117.69 through October 14, 2016, late charges of $135.60, taxes and insurance in the amount of $2,368.37, property inspection fees of $105.00, reasonable attorney's fees in the amount of $2,580.00 and legal costs in the amount of $4,009.45 for a total Judgment of $330,779.79. Said Judgment shall bear interest at 4.375%, or at the rate in effect under the terms of the Note, per annum until paid.

2. That the certain Deed of Trust (hereinafter called "Deed of Trust") executed and delivered by the Defendants Marcel and Amy Seyss under date October 16, 2006, encumbering the property legally described as follows:

> THE EAST 172.11 FEET OF LOT 21 AND THE EAST 172.11 FEET OF THE NORTH 17.5 FEET OF LOT 20 OF TOSLANDS HALF ACRE GARDEN TRACTS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 11 OF PLATS, PAGE(S) 101, RECORDS OF SNOHOMISH COUNTY, WASHINGTON; EXCEPT BARBARA LANE; ALSO EXCEPT THE FOLLOWING DESCRIBED TRACT: BEGINNING AT THE SOUTHWEST CORNER OF THE EAST 172.11 FEET OF THE NORTH 17.5 FEET OF SAID LOT 20; THENCE NORTH ON THE WEST LINE OF THE EAST 172.11 FEET OF SAID LOTS 20 AND 21 TO THE NORTH LINE OF SAID LOT 21; THENCE EAST ALONG SAID NORTH LINE THEREOF A DISTANCE OF 84 FEET; THENCE SOUTHERLY TO INTERSECT THE SOUTH LINE OF THE NORTH 17.5 FEET OF SAID LOT 20 AT A POINT 86 FEET EAST OF THE POINT OF BEGINNING; THENCE WEST 86 FEETE TO THE POINT OF BEGINNING; ALSO EXCEPT THAT PORTION CONVEYED TO THE CITY OF EVERETT BY DEED RECORDED UNDER AUDITOR'S FILE NUMBER 2242551. SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 4
CASE NO. 2:16-CV-00553

WEINSTEIN & RILEY, P.S.
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

commonly known as: 7826 Beverly Lane, Everett, WA 98203, which Deed of Trust was recorded in the office of the Auditor/Recorder of Snohomish County, Washington on October 25, 2006 under Auditor's File No. 200610251100, is hereby adjudged and decreed to be a valid, subsisting, first, prior and paramount lien upon the real property above-described, prior and superior to any and all right, title, interest, lien or estate of the Defendants, or any of them, or of anyone claiming by, through or under them in and to said real property, securing instrument by, and the same is hereby foreclosed and the real property therein described is hereby ordered to be sold by the Sheriff of SNOHOMISH County, Washington, in the manner provided by law for mortgage/deed of trust foreclosures and in accordance with the practice of this Court; that the proceeds of such sale should be applied toward the payment of the Judgment rendered herein in favor of Plaintiff, together with interest, any costs and increased costs or sale, any advances that Plaintiff may be required to pay after the entry of Judgment herein for taxes, assessment, other items constituting liens against the property, insurance and/or repairs for the protection of the property;

3. That if the proceeds of the foreclosure sale are insufficient to pay said Judgment, interest, advances and costs of sale in full, that Plaintiff have a Judgment for any deficiency against Defendants Marcel E. Seyss and Amy J. Seyss and existing under the laws of Washington, and that said Judgment shall bear interest at 4.375% or at the rate in effect under the terms of the Note until paid;

4. That the Plaintiff be and it is hereby permitted to become a bidder and purchaser at such sale;

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 5
CASE NO. 2:16-CV-00553

**WEINSTEIN & RILEY, P.S.**
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

5. That the purchaser at such sale shall be entitled to the sole and immediate possession of said real property subject only to such rights or redemption and rights of possession during the redemption period as are provided by law;

6. That the Defendants, and any and all persons claiming by, through or under them be, and the same are hereby, forever barred and foreclosed from any and all right, title, interest, lien or estate in and to said real property, or any part thereof, save only such rights or redemption as are provided by law;

7. That any and all persons acquiring any right, title, interest, lien or estate in and to the real property above-described, or any part thereof, subsequent to October 16, 2006, the date of the Plaintiff's security interest which is foreclosed herein be, and they are hereby foreclosed of any such right, title, interest, lien or estate as against the Plaintiff in this action or any successor thereto; that all right, title and interest in and to any policy of hazard insurance insuring the said premises shall pass to the purchaser at such sheriff's sale at the time of such sale;

8. That the period of redemption from such sheriff's sale be, and the same is hereby, fixed at twelve (12) months next ensuing after said sale.

9. That if any surplus remains from the proceeds of said sale after payment of Plaintiff's judgment, costs, attorney's fees, interest, increased costs and increased interest, and any advances that Plaintiff may be required to make subsequent to the entry of judgment for taxes, insurance and protection and preservation of the property, the same be deposited in the registry of this Court for later determination between claimants

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 6
CASE NO. 2:16-CV-00553

WEINSTEIN & RILEY, P.S.
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493

subordinate to Plaintiff.

Dated this 15 day of Dec., 2016

_____
UNITED STATES DISTRICT JUDGE

Presented by:
WEINSTEIN & RILEY, P.S.

By: /s/ David R. Riley
David R. Riley, WSBA #12057
Justin T. Jastrzbeski, WSBA #31450
Attorneys for Plaintiff

SUMMARY JUDGMENT FOR DECREE
OF FORECLOSURE - 7
CASE NO. 2:16-CV-00553

WEINSTEIN & RILEY, P.S.
2001 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 269-3490
Facsimile: (206) 269-3493