THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2,<br><br>  Plaintiff,<br><br>  v.<br><br>MARCEL E. SEYSS and AMY J. SEYSS, husband and wife, *et al.*,<br><br>  Defendants. | CASE NO. C16-0553-JCC<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on the parties' supplemental memoranda on Defendants' counterclaims (Dkt. Nos. 29, 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DISMISSES the counterclaims for the reasons explained herein.

I.   BACKGROUND

On November 30, 2015, Plaintiff Bank of New York Mellon (BNY Mellon) filed suit in Snohomish County Superior Court against Defendants Marcel Seyss and Amy Seyss and any

ORDER OF DISMISSAL
PAGE - 1

1  other Defendants that may claim an interest in the property. (Dkt. No. 1-2 at 2.) BNY Mellon
2  sought a monetary judgment and a judgment foreclosing all interest in the real property. (*Id*. at 8-
3  9.) The Seysses removed this case and raised several issues that they maintained were
4  counterclaims. (*See generally* Dkt. No. 1.)

5  BNY Mellon then moved for summary judgment. (Dkt. No. 10.) This Court granted the
6  motion on December 15, 2016, finding that BNY Mellon was entitled to judgment in its favor
7  because it was the holder of the Note and Deed of Trust and was entitled to foreclose on the
8  property after default. (Dkt. No. 22 at 3.) At that time, the Court noted that neither party had
9  addressed the Seysses' counterclaims raised in their notice of removal. (*Id.* at 5.) Therefore, this
10 Court instructed the parties to submit supplemental memoranda regarding the Seysses'
11 counterclaims so that the Court could determine whether the case should be closed. (*Id.*)

12 **II.   DISCUSSION**

13     **A.   Local Civil Rule Requirements**

14 As a preliminary matter, the Court reminds the Seysses that, pursuant to Local Civil Rule
15 10(e)(1), all filings before the Court must conform to the required format, including designated
16 margins and font. Furthermore, when this Court instructed the parties to submit supplemental
17 information, it expressly stated that "memoranda shall not exceed five pages each." (Dkt. No. 22
18 at 5.) Pursuant to Local Civil Rule 7(e)(6), the Court may refuse to consider text not included in
19 the page limits. While the Court acknowledges that the Seysses are proceeding without the
20 assistance of counsel, they must still comply with these rules.

21     **B.   Counterclaims**

22 The Seysses alleged five counterclaims in their answer: statute of limitations, publication
23 of a false statement, breach of contract, wrongful foreclosure, and quiet title. (*See* Dkt. No. 4.) In
24 their supplemental memorandum, the Seysses now assert seven counterclaims: notice of
25 rescission and right to cancel, breach of contract, statute of limitations, statute of frauds,
26 wrongful foreclosure, fraudulent conveyance, and quiet title. (*See* Dkt. No. 32.) However, the

Court requested additional information on the previously asserted counterclaims. (Dkt. No. 22 at 5.) It did not grant the Seysses permission to raise new counterclaims. *See* Fed. R. Civ. P. 15(a)(2). Therefore, the Court will address only the five initial counterclaims.[1]

*Statute of Limitations*

The Seysses assert that the Note cannot be enforced because the statute of limitations has expired. (Dkt. No. 32 at 2.) However, a statute of limitations claim is an affirmative defense. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). "If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated." Fed. R. Civ. P. 8(c)(2). The Seysses failed to raise the issue in their response to the motion for summary judgment (Dkt. No. 17). Therefore, they waived this claim.

Additionally, the statute of limitations claim fails on the merits. The Seysses are correct that the statute of limitations for enforcement of real estate contracts is six years in Washington. Wash. Rev. Code § 4.16.040. However, they are incorrect that the statute of limitations has expired in this case. The Note and Deed of Trust has been in default since December 1, 2009. (Dkt. No. 14 at 4.) BNY Mellon brought suit on November 30, 2015, within the statute of limitations. (Dkt. No. 1-2 at 2.)

*Publication of a False Statement*

The Seysses asserted that BNY Mellon made a publication of a false statement because the Note was improperly separated from the Deed of Trust, which destroyed the Note and made the Deed of Trust invalid. (Dkt. No. 1 at 10-11.) This Court has already established that the Note and Deed of Trust were transferred appropriately to BNY Mellon and it is the current holder of the Note. (Dkt. No. 22 at 2.) The Court thus resolved this counterclaim when it entered judgment in favor of BNY Mellon.

---

[1] As the Seysses have chosen not to provide additional information on one of their initial counterclaims, publication of a false statement, the Court will cite to their initial complaint (Dkt. No. 1) when referencing it. The Court will cite to their supplemental memorandum (Dkt. No. 32) for their remaining counterclaims.

*Breach of Contract*

The Seysses likewise allege breach of contract based on their argument that the Note and Deed of Trust were not transferred appropriately. (Dkt. No. 32 at 1.) Therefore, they insist that BNY Mellon lacks the authority to enforce either one. (*Id.*) BNY Mellon is correct to point out that this amounts to a lack of standing claim. (Dkt. No. 29 at 3.) Lack of standing is an affirmative defense that the Seysses failed to raise in their response to the motion for summary judgment. Therefore, this claim was waived.

Additionally, this claim fails on the merits. In Washington, a holder of a note is one who is "in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Wash. Rev. Code § 62A.1-201(a)(21). As this Court has previously noted, BNY Mellon is the holder of the Note and has the authority to foreclose on the property after default. (*See* Dkt. No. 22 at 3-4.)

*Wrongful Foreclosure*

Again, the Seysses assert that BNY Mellon lacks the authority to enforce the Note and therefore foreclosure was wrongful. (Dkt. No. 32 at 2-3.) While they are correct that the foreclosure process is often complicated and confusing, that is not enough to establish a wrongful foreclosure. Furthermore, the Court has already acknowledged that BNY Mellon "is the current holder of the Note and the beneficiary under the Deed of Trust." (Dkt. No. 22 at 2.) As such, it is "entitled to enforce the note and the deed of trust securing that note." (*Id.* at 4) (citing *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 44 (Wash. 2012)).

*Quiet Title*

Finally, the Seysses claim quiet title to the property. (*Id.*) However, as BNY Mellon correctly points out, this claim "is based entirely on the validity of the other [c]ounterclaims . . . . Accordingly, the quiet title claim also fail[s] to survive." (Dkt. No. 29 at 5.)

### III. CONCLUSION

For the foregoing reasons, none of the Seysses' counterclaims remain after the grant of

summary judgment in BNY Mellon's favor. Because all pending claims have been resolved, the Clerk is DIRECTED to close this case.

DATED this 13th day of February, 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE